[No. 5640.]

## THE CITY OF FLORENCE v. CALMET.

1. **Witnesses—Competency—Knowledge.**

In an action for the deprivation of a water right, thereby preventing plaintiff from irrigating his land, a person who had no knowledge of the value of lands of the character of plaintiff's, and who had no knowledge of the supply of water which plaintiff was able to obtain from the stream interfered with by defendant, was not competent to testify as to the value of such land and water right.—P. 512.

2. **Evidence—Opinion Evidence.**

In questions of value, a witness must often be permitted to testify as to his opinion; but, to make that opinion competent, it must be shown that he is qualified to speak on the subject. —P. 512.

3. **Witnesses—Direct Examination—Cross-examination.**

Where, on the issue of the value of a water right, a witness was called to prove that plaintiff's land had been irrigated with water from a stream, it was proper to ask the witness, on cross-examination, whether or not the supply of water could be obtained only at irregular intervals, since such questions were competent, and related to the very matter concerning which he testified on direct examination.—P. 513.

4. **Appellate Practice—Witnesses—Cross-examination—Denial of Right.**

The right to fairly and fully cross-examine a witness on the subjects of his examination in chief is absolute, and a denial of the right constitutes prejudicial error.—P. 514.

*Appeal from the District Court of Fremont County. Hon. M. S. Bailey, Judge.*

Action by Hippolite Calmet against the city of Florence. From a judgment for plaintiff, defendant appeals.                                    *Reversed.*

Mr. LEE CHAMPION and Mr. JOSEPH D. BLUNT, for appellant.

Messrs. WALDO & DAWSON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In the year 1885 the plaintiff located upon certain lands in the vicinity of Newland creek near the city of Florence. He constructed ditches for the purpose of taking water from Newland creek to irrigate these lands. In 1899 defendant constructed a system of water works and to supply such system took the water of Newland creek. In 1903 this action was brought by the appellee in the district court of Fremont county to recover a judgment for damages alleged to have been suffered by him on account of the taking of the water by appellant, it being contended that the appellant diminished the quantity of water in Newland creek to such an extent as to render it impossible for plaintiff to secure a sufficient quantity to irrigate his lands.

The issues were so framed that the measure of damages was conceded to be the difference between the value of the land previous to the taking of the water by the city and after the same had been taken.

Plaintiff testified as to the manner in which he had farmed and, somewhat meagerly, as to the quantity of water which he had received, and that the value of the land with such water was between seventy-five and one hundred dollars per acre.

The city had a number of witnesses sworn who testified as to their familiarity with Newland creek, and that at no time did it furnish a sufficient supply of water to irrigate the lands of plaintiff to such an extent as to make the cultivation thereof either practical or profitable. The principal issue in the case as tried was as to the quantity of this water and the duration of the supply. Plaintiff called as a witness Griffith Davis, who testified that in 1897 he saw a crop of corn on the place, and that crops could not be successfully raised in that neighborhood without irriga-

tion.   Then in response to the following questions he testified:

Q.—"Have you been somewhat familiar with the lands along the various creeks in that neighborhood and their price and value for a number of years from your acquaintance with the people who own them and lands there?"

A.—"Oh, well, not particularly, no.   To a certain extent, of course, I had my ideas, consulting at times with the people."

Q.—"And you have known of ranches being sold here and there at times have you, and bought by different people?"

A.—"Not many ranches."

Inquiry was then made of the witness as to the market value of land such as the plaintiff's.   Defendant objected because he failed to show himself a competent witness.   The objection was overruled and the witness was permitted to testify that the land was worth from seventy to eighty dollars per acre.   There is nothing in the testimony of this witness to show that he had any knowledge of the value of lands of the character of plaintiff's.   There is nothing to show that he had any knowledge of the supply of water which plaintiff was able to obtain from Newland creek, and he should not have been permitted to testify as to the value of this land and water until he had shown himself possessed of sufficient knowledge to qualify him as a competent witness.

There was only one other witness whose testimony corroborated that of the plaintiff as to the value of the land, and it is extremely doubtful if he was competent to express an opinion upon the subject. In questions of value a witness must often be permitted to testify as to his opinion, but in order to make that opinion competent evidence, it must be shown that the witness was qualified to speak upon

the subject.—*Teerpenning v. Corn. Ex. Ins. Co.,* 43
N. Y. 279, and cases there cited.

Witness Barker, called on behalf of plaintiff, in
his examination in chief, testified that for twenty-six
years he had lived about two and one-half miles east
of Newland creek, and was acquainted with the plain-
tiff's ranch; that he saw a crop of corn growing on
the place about eight years ago; that he saw a ditch
in the neighborhood of the ranch, and that it came
from Newland creek; that he saw it when it was dry,
and when there was water in it; he thought he saw the
plaintiff irrigating once. Upon cross-examination
he testified as to his familiarity with Newland creek;
that he could not go to Florence from his home with-
out crossing it. He was asked the following ques-
tion:

"Does Newland creek furnish water enough to
be depended upon for irrigation purposes at that
place where you cross and recross going to Flor-
ence?"

The objection that this was not cross-examina-
tion was sustained.

He was then asked the following question:

"When you have crossed Newland creek, one
time with another, during the irrigation season, you
may state what its condition was as to waterflow."

There was the same objection and the same
ruling. This was prejudicial error. The very pur-
pose for which this witness was called apparently was
to prove that this land had been irrigated with water
taken from Newland creek. The issue which was
being tried was the value of this water right. The
value of the water right would depend largely upon
the question as to whether or not the supply was
permanent or whether it was temporary, and water
could only be obtained at irregular intervals. It is
contended by plaintiff that questions which were

asked the witness did not relate to any matter concerning which he testified in chief. As we have seen, this contention is unfounded for the reason that it related to the very matter concerning which he did testify.

Plaintiff also contends that the matter of cross-examination of a witness rests in the discretion of the court, and the case should not be reversed except where this discretion has been grossly abused; that if defendant had desired to prove this matter, it could have made the witness its own for that purpose. This is not the rule, as we understand it. At least two cases have been reversed by this court because of a refusal of the trial court to permit a sufficient cross-examination of witnesses.—*Patrick v. Crowe,* 15 Colo. 543; *Lothrop v. Roberts,* 16 Colo. 250.

A question which is very similar in principle to the one here involved arose in the case of *Resurrection Gold Min. Co. v. Fortune Gold Min. Co.,* 129 Fed. 668, in which Sanborn, J., speaking for the circuit court of appeals, said:

"They say that permission to answer this question was discretionary with the court below, and that its refusal was no abuse of discretion; that the answer to the question would have established an affirmative defense; and that the refusal to permit the introduction of the answer was not prejudicial to the defendant, because it might have made the owner of this property its own witness and then have asked him the same question; and that in any event the expected testimony was only cumulative. But a fair and full cross-examination of a witness upon the subjects of his examination in chief is the absolute right, and not the mere privilege, of the party against whom he is called, and a denial of this right is a prejudicial and fatal error. It is only after the right has been substantially and fairly exercised that the allowance

of cross-examination becomes discretionary with the trial court.''

To sustain this position the learned judge cites authorities from the United States supreme court from Michigan; Ohio, Massachusetts, California and South Dakota.

Because the court erred in the two particulars herein indicated and the errors were prejudicial to the defendant's rights, the judgment of the district court must be reversed.

We do not pass upon the other questions raised by appellant, for the reason that they present no matters which will necessarily be involved in another trial of this action.                          *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.