## No. 9891.

### BLANCHARD *v*. THE PEOPLE.

Decided January 9, 1922.

Plaintiff in error was convicted of uttering a forgery.

*Reversed.*

1. CRIMINAL LAW—*Witnesses—Intelligence.* Where a witness for the defendant in a criminal case was unable to be present at a third trial, and his former testimony was read to the jury, it was error to permit the prosecution, over objection, to introduce evidence tending to show that the absent witness was of a low order of intelligence.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Mr. JESSE STEPHENSON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. FORREST C. NORTHCUTT, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was convicted of uttering a forgery. To review that judgment he sues out this writ. He is hereinafter referred to as defendant.

This was the third trial of the cause. In the first the witness Cheney testified for defendant. In the third he was absent and his former testimony was read to the jury. Thereupon, over objection, two witnesses were permitted to testify that Cheney was of a low order of intelligence. In support of that statement one of them was asked as to Cheney's peculiarities, and, over defendant's objection, he said:

"He was a boy you couldn't tell anything; he was cruel to his horses, always fighting them, and always had enemies in the camp he was riding with."

Motion to strike all this was overruled and exception saved. The evidence of Cheney was most material. It was the sole corroboration of that given by defendant to the effect that a certain clause interlined in pen in a written contract was inserted prior to signature; the contention of the people being that it was inserted thereafter. If its probity was destroyed by this attack (which we have no way of determining, but which may well be true), then the conviction rests thereon.

"It would not only be novel in practice, but would be entirely impracticable, to permit the parties, on the trial of a case, to go into general proof as to the strength of the mental capacity of the several witnesses. It might lead to as many collateral issues as there are witnesses, and thus divert the minds of the triers from the substantial issues of the case." *Bell v. Rinner,* 16 Ohio St. 45, 47.

A witness having been held competent by the court, the grade of his intelligence can only be tested by cross-examination and considered by the jury in the light of his personal appearance and conduct. Where, on a subsequent

trial, his evidence is read in his absence, the jurors may consider anything which the cross-examination discloses. They can determine nothing from personal appearance or conduct, as that opportunity is denied them. It is this weakness· which bars such evidence, save in the case of necessity. Any attempt to supply the missing element by the testimony of other witnesses as to the grade of intelligence would be manifestly futile, unfair and prejudicial. The defense could not anticipate the trial of such a collateral matter and could not be expected or required to be ready to meet it.

Men differ in grades of intelligence as blades of grass in appearance. The utter unreliability of such testimony is at once apparent, when we remember that every man's opinion of the intelligence of others is largely controlled by the quality of his own. To his neighbors John Smith may have seemed a man of average intelligence, though Herbert Spencer may have deemed him a fool.

Moreover, no such question could here properly arise. Had the testimony been expert, or dealt with the details of an intricate or complicated transaction, there might be room for argument. But any grade of intelligence above insanity would have sufficed for the simple statement of the simple fact testified to by Cheney. The question was not one of intelligence, but of credibility, and the method of attack used, while calculated ·to be peculiarly effective with the jury, was wholly undependable and without legal justification.

It should be borne in mind that no question of insanity, or of a mind diseased or weakened by liquor or drugs, is here presented or decided.

The judgment is reversed and the cause remanded.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT.