## Rushing v. Commonwealth.

(Decided December 21, 1923.)

### Appeal from Graves Circuit Court.

1. Intoxicating Liquors—Evidence of Possession of Illicit Still Insufficient to Take Case to Jury.—In a prosecution for possessing an illicit still as defined by Ky. Stats., section 2554d-3, evidence as to thing charged to be illicit still held insufficient to take the case to the jury.
2. Criminal Law—Instruction on Reasonable Doubt Erroneous.—An instruction, "If you have a reasonable doubt from the evidence that the defendant is not guilty as charged, you should acquit him," was erroneous, since the reasonable doubt which authorizes

an acquittal is one as to the defendant's guilt and not as to his innocence, and the word "not" should have been omitted.

B. C. SEAY for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of possessing an illicit still.

An illicit still as defined by section 2554d-3, Kentucky Statutes, is as follows:

"An illicit or 'moonshine' still under this act shall include an outfit or parts of an outfit commonly and exclusively used in the distillation of spirituous liquors which is not at the time of trial duly registered in the office of a collector of internal revenue for the United States, and the burden of proving that same is so registered shall be on the defendant under charge."

John Harris, the only witness introduced by the Commonwealth, testified in substance as follows: He asked appellant to let him know when he was going to make a run. After that appellant met witness and said, "Let's go 'possum hunting." They then went into a gully. There he saw a can about twenty inches high, with a top on it. The can looked like a cream or milk can. There was a fire under it and appellant put on kindling. In a short time the can exploded and witness was burned. The can did not look like any still he had ever seen. He did not see or smell any mash or liquor of any kind, nor did he see any worm or other apparatus attached to the can. As an ordinary milk can cannot be regarded as an outfit commonly and exclusively used in the distillation of spirituous liquors, we conclude that the evidence was insufficient to take the case to the jury and that the court should have sustained appellant's motion for a peremptory instruction.

The reasonable doubt instruction is as follows: "If you have a reasonable doubt from the evidence that defendant is not guilty as charged, you should acquit him." The reasonable doubt which authorizes an acquittal is one as to the defendant's guilt," not as to his innocence, and the word "not" should have been omitted.

Judgment reversed and cause remanded for new trial consistent with this opinion.