No. 10,802.

BLANCHARD v. THE PEOPLE.

Decided January 7, 1924.

Plaintiff in error was convicted of uttering forgery.

*Affirmed.*

*On Application for Supersedeas.*

1.   APPEAL AND ERROR—*Instructions—No Objection Below.*   Under
     the provisions of Rule 7 of the Supreme Court, a party who
     fails to make specific objections to instructions before they
     are read to the jury is precluded from asking the appellate
     court to review them.

*Error to the District Court of Alamosa County, Hon. Jesse
C. Wiley, Judge.*

Mr. JESSE STEPHENSON, for plaintiff in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. JO-
SEPH P. O'CONNELL, Assistant, for the people.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in error was convicted of uttering forgery.
Since the filing of the information, in June, 1916, there
have been four trials of the case.   On the third trial the
judgment was brought here and reviewed (*Blanchard v.
People,* 70 Colo. 555, 203 Pac. 662), following which a
change of venue was had from Saguache county to Ala-
mosa county, where the defendant was again tried and
convicted, and from that judgment he brings the case here
for a second time asking for a supersedeas.

He now complains of the instructions of the court, but
no objections were made to them when given, in compli-
ance with Rule 7 of this court.   Counsel, having failed to
make specific objections to the instructions before they

were read to the jury by the trial court, is precluded, under the rule, from asking this court to review the instructions, except only upon the grounds so specified in the court below. In this state of the record the defendant is not in a position to now urge any objections to the instructions.

The rule is a salutary one. When instructions are about to be given to the jury, counsel may not sit idly by and allow improper instructions to be given, without proper and specific objections thereto, in time for the court to correct the instructions before giving them to the jury. It is not in furtherance of justice to permit them to lie in wait and catch the court in error for the purpose of obtaining a reversal.

The assignment that the court erred in not directing a verdict for defendant is without merit. There is ample evidence to sustain the guilt of the accused.

We do not find, from an examination of the record, that the plaintiff in error has been prejudiced in any substantial right. We therefore deny the supersedeas and affirm the judgment.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.