No. 14,085.

McRae *v.* The People.
(71 P. [2d] 1042)

Decided September 13, 1937.

Mr. Isaac Mellman, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. WALTER F. SHEARER, Assistant, for the people.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A prosecution on an information charging murder in the first degree. The jury found defendant guilty, fixed the penalty at life imprisonment; and it was so adjudged.

It appears that defendant and the victim of the homicide, not formally married, were living together as husband and wife in an established place of abode in Pueblo. The tragedy occurred about 1 o'clock in the morning when the two were returning home from visiting night clubs in and about the city of their residence. The gun from which the fatal shot came was kept in the pocket of the door of defendant's automobile in which they were riding. As they were nearing home, as defendant testified, deceased took the gun from the pocket and was examining it; that thereupon, he stopped the car and sought to become possessed of the gun; that a struggle ensued in the course of which the gun was accidentally discharged inflicting the wound which in a few days brought death to the woman. Immediately following the shot, defendant drove to their home, only a few doors away, carried the woman into the house and called a physician. Within a few minutes the doctor arrived, when defendant called the police, and in the presence of the doctor told the officers substantially the story he related at the trial, already outlined, and gave them the gun.

██ ██ The claim that the shooting was accidental justified an instruction on that theory. The instruction given on the point, number 9 of the charge, is challenged, because, as said, the language of the last sentence implied that defendant fired the fatal shot, an implication calculated to cause the jury to ignore testimony which

indicated that the shot had its genesis in an accident; and for the further reason, as claimed, that it placed the burden of proof on defendant, that is to say, instead of adhering to the rule that the defendant must be proved guilty beyond a reasonable doubt, the court advised the jury, that, to acquit, the jury must be convinced beyond a reasonable doubt that the shooting was accidental. The instruction reads:

"You are instructed that wilfully means intentionally, not accidentally; feloniously means wickedly and against the admonitions of the law, unlawfully. Maliciously means a wrongful act intentionally done without just cause or excuse. Therefore," the court added, "if after reviewing all the evidence in the case, you entertain a reasonable doubt therefrom as to whether or not the defendant inflicted the fatal wound accidentally and without intent to take life, then you must acquit."

The testimony to the effect that the homicide was the result of an accident, was to be considered by the jury as it weighed all the evidence in determining whether defendant was guilty—not whether he was innocent. The questioned instruction, as we perceive, "is subject to the exception that it requires the jury to *believe from the evidence* the existence of the conditions which entitled him to acquittal. * * * If the jury entertained a reasonable doubt upon the whole evidence of the defendant's guilt, it was their duty to acquit him, although they might not believe from the evidence the existence of the facts and conditions, or any of them, mentioned in said paragraph." *Johnson v. State,* 29 Tex. App. 150, 15 S. W. 647. See *Weber v. State,* 2 Okl. Cr. 329, 101 Pac. 355. "The reasonable doubt which authorizes an acquittal is one as to the defendant's guilt, not as to his innocence." *Rushing v. Commonwealth,* 201 Ky. 481, 257 S. W. 15. An instruction not dissimilar to the one under consideration was determined to be erroneous in *Zipperian v. People,* 33 Colo. 134, 79 Pac. 1018. Speaking by Mr. Justice Campbell, we said: "It is not incumbent upon the

defendant in a criminal case, either by his own evidence or that of the people, or both combined, to prove anything to the satisfaction of the jury. It is sufficient * * * if the defendant, by any evidence in the case, succeeds in raising a reasonable doubt in the minds of the jury of the truth of any essential element of the charge made against him." See, also, *Boykin v. People,* 22 Colo. 496, 45 Pac. 419; *McNamara v. People,* 24 Colo. 61, 48 Pac. 541; *Drossos v. United States,* 2 F. (2d) 538. The instruction is negative in its terms and we regard it as inimical to the rights of one on trial in the circumstances here. The attorney general concedes that the instruction "is incorrectly phrased."

But, the attorney general says, other instructions correctly set forth the rule relative to burden of proof, hence the jury was not misled. We cannot regard that contention as of safe application. The defendant claimed that the gun was discharged by accident. The instruction emphasized the defense thus advanced, but virtually visited upon defendant the burden of proof as to the claim. To say the jury was not misled would be to conjecture. See *Weber v. State, supra; Drossos v. United States, supra; Wisdom v. People,* 11 Colo. 170, 17 Pac. 519.

The attorney general further contends that since only a general objection was made to the instruction, and no exception to its giving was noted, we should not give it attention. We have decisions and rule of court (rule 7) justifying the attorney general's position; but we also have held that "when we feel that a seriously prejudicial error was made and that justice requires such consideration," we may of our own motion examine and determine the point. *Reppin v. People,* 95 Colo. 192, 34 P. (2d) 71. See *Camp v. People,* 84 Colo. 403, 270 Pac. 869. Considering the gravity of the offense charged, and the sentence which necessarily attended the verdict returned, we have thought it compatible with reviewing judicial discretion to disregard what may be said

to have been oversight of trial counsel, and examine notwithstanding. 2 R. C. L. 94, §68, 3 Am. Jur. 49, §273.

We note, but do not comment as to, other assignments. Let the judgment be reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BAKKE concur.