No. 14,346.

Hoppal *v.* The People.
(81 P. [2d] 381)

Decided June 27, 1938.

Mr. Joseph A. Craven, Mr. Charles T. Mahoney, Mr. Charles A. Murdock, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Reid Williams, Assistant, for the people.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

The information here charges that defendant on a specified date at and within the county of Logan "then and there being a male person, did wrongfully and feloniously accomplish an act of sexual intercourse with one * * * an unmarried female person under the age of eighteen years, to-wit of the age of eleven years she the said * * * then and there resisting and such resistance being overcome by him the said Peter Hoppal Jr., by force and violence * * *."

By its verdict the jury found the defendant guilty in manner and form as charged in the information and he was sentenced to the state penitentiary for a term of not less than three, and not more than five, years.

Numerous errors are assigned, but we shall confine our discussion to those directed to the instructions,

wherein it is asserted that the trial court erred in not instructing on third degree rape; in not permitting the jury to determine whether the defendant was guilty of rape in the third degree or of rape in the first degree in the form charged; in failing to include the elements of resistance and force in enumerating what were said to be the material facts upon which a conviction of the first degree rape charged would be justified; and in not instructing upon the legal requirements of the proof of resistance and force in the case of forcible rape. In connection with those matters it is further argued that one of the definitions of first degree rape given the jury was rendered inapplicable by reason of the age of the defendant.

At the time of the alleged offense both the boy and girl involved were under the age of eighteen years.

Rape and the various degrees thereof are defined in section 58, chapter 48, '35 C. S. A. Subdivision 9 of this section is as follows: "By the male person where both the male and female person are under the age of eighteen years, and the same is not rape in the first or the second degree as in this section defined; and this is rape in the third degree."

Under this statute, therefore, it is certain that where the male perpetrator and the female victim are under the age of eighteen years, unless the facts bring the case within one or more of the definitions of first or second degree rape, the male, under no circumstances, can be convicted of a grade of the crime of rape higher than the third degree.

The girl testified that defendant pulled her from the back of the horse she was riding, threw her to the ground and over her resistance forcibly accomplished the act of sexual intercourse which is the basis of the charge.

The defendant categorically denied this statement, and asserted that at no time or place had he had, or attempted to have, sexual intercourse with the girl in question.

Applying the statutory definitions of first and second degree rape to these circumstances and keeping in mind

the ages of the parties involved, it is evident, that under the people's proof, as well as the information, a conviction for first degree rape could be grounded solely upon subdivision 3 of section 58, supra, which reads as follows: "By the male person of whatever age where the female person, whatever her age, resists, but her resistance is overcome by force or violence; and this is rape in the first degree."

Under none of the statutory definitions, applied to the facts here presented, could the defendant legally have been found guilty of second degree rape.

It here patently follows, and this upon the assumption that the information charges the two degrees, that, dependent upon the legal sufficiency of the evidence of the girl's alleged resistance and the force or violence employed by defendant in overcoming it, the defendant could be convicted only of rape in the first degree, as defined in subsection 3, supra, or in the third degree, under subdivision 9, supra.

Notwithstanding these certain eventualities the court instructed the jury as follows: "The statutes of this state provide that rape is an act of sexual intercourse accomplished with, by or between a male and a female person, or male and female persons, where such female person is not the wife of the principal perpetrator, under the following circumstances, or either of them:

"(a) By the male person where the female person is unmarried, and where the female [person] is under and the male person is over the age of eighteen years, and this is rape in the first degree.

"(b) By the male person of whatever age, where the female person, whatever her age, resists but her resistance is overcome by force or violence; and this is rape in the first degree. * * *""

Paragraph (a) of this instruction is a verbatim transposition of subdivision 1 of section 58, supra. Under the facts, it had no place in the proceeding at bar, since the

defendant was not ''over the age of eighteen years,'' at the time of the alleged commission of the offense.

No definition is given or mention made of third degree rape in any of the given instructions.

Instruction No. 3 recites: ''The material facts to be determined by you from the evidence and under these instructions, before you can find the defendant guilty as charged in this case, are:

''1. That the defendant, Peter Hoppal, Jr., had sexual intercourse with * * *

''2. That said intercourse was had on the 11th day of August, 1937.

''3. That said intercourse occurred in Logan County, Colorado.

''4. That at the time of said intercourse * * * [the female] was under the age of eighteen years.

''5. That at the time of said intercourse the said * * * was an unmarried female.''

It will be observed that this instruction *fails to mention* as *material facts* to be determined by the jury:

First. The element of resistance by the female, and the requisites of force and violence on the part of the male, to bring the case within the only definition of first degree rape applicable; second—and incidentally, even if subdivision 1 of section 58, supra, had any relation to the case, which we have held it did not—the factor of the age of the male person, a prerequisite of guilt under the last mentioned subdivision.

In other words, by its charge, the trial court said to the jury, in effect: If you determine that the defendant had sexual intercourse with the girl in question, on the 11th of August, 1937, in Logan County, Colorado, and that at the time she was under the age of 18 years and unmarried, you may convict him of raping her by force and violence, and this without requirement as to the proof thereof, and notwithstanding the uncontradicted evidence established that defendant, on the date of the alleged crime, had not attained the age of 18 years, tells it that it

may find him guilty of first degree rape under subdivision 1, supra, even though that subdivision by its express terms relates exclusively to males over the age of 18 years.

In no other instructions are these transgressions corrected, nor in any manner was the jury advised as to the extent of the resistance by the female, required by the law to bring the case within the definition of forcible rape.

The error committed by the trial court in these respects is manifest and its highly prejudicial effect upon the rights of defendant certain. The prejudice evolved by this situation is augmented by the fact that more severe penalties properly are prescribed for first degree rape than for that in the third degree.

For the reasons assigned the conviction must be set aside.

Counsel who represent the defendant here did not appear in the trial below. Defendant's trial attorneys failed to object or except to the giving of any of the instructions to the jury and tendered no instructions of their own.

Adopting what would seem the only available course under which the conviction may be upheld, and practically relying thereon notwithstanding the deficiencies of the instructions herein discussed, the Attorney General asserts that consideration on this point is foreclosed by our rule 7, requiring that upon review by this court only grounds specified in objections to instructions made in the trial court shall be considered. Such is ordinarily and predominatingly the practice, but this matter comes within the pronouncement in the recent case of *McRae v. People,* 101 Colo. 155, 71 P. (2d) 1042, where Mr. Justice Hilliard at page 158, speaking for the court, said: ''We have decisions and rule of court (rule 7) justifying the attorney general's position; but we also have held that 'when we feel that a seriously prejudicial error was made and that justice requires such consideration,' we may of our own motion examine and determine the point. *Reppin*

*v. People,* 95 Colo. 192, 34 P. (2d) 71. See *Camp v. People,* 84 Colo. 403, 270 Pac. 869. Considering the gravity of the offense charged, and the sentence which necessarily attended the verdict returned, we have thought it compatible with reviewing judicial discretion to disregard what may be said to have been oversight of trial counsel, and examine notwithstanding. 2 R. C. L. 94, §68, 3 Am. Jur. 49, §273.''

Of the same import is our rule 35.

We refrain from comment on other errors assigned, which relate principally to the rejection or admission of testimony, and few of which questions, at least, in the form or under the circumstances appearing in the record before us, will likely arise in the retrial of the case.

The judgment is reversed and the cause remanded for new trial.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BOUCK, and MR. JUSTICE YOUNG concur.