## STEPHENSON v. THE STATE.

INDICTMENT.—In a trial for violation of the *Sabbath*, the indictment, among other averments, charged that the defendant was over the age of fourteen years.

*Held*, that the age of the accused must be proven by sworn testimony, and that the court or jury could not determine this fact for themselves from the personal appearance of the accused alone.

APPEAL from the *Grant* Circuit Court.

RAY, J.—The indictment in this case charged that the appellant, being a person over the age of fourteen years, did, on the 15th day of *October*, 1865, engage in his usual occupation of selling goods, and did then and there, &c., the said day being the first day of the week, commonly called *Sunday*. Upon a plea of not guilty, the cause was submitted to the court for trial; there was a finding of guilty, and, over a motion for a new trial, judgment was rendered.

It appears by the evidence in the record, that no proof whatever was offered as to the age of the defendant, but the judge who tried the cause certifies that he held that as the defendant, being present in court, presented to the court the appearance of a full grown man, such proof was not required.

Our statute gives the defendant in a criminal case, upon conviction, the right to present, by bill of exception, all the evidence given in the cause for review in this court. If the judge or jury trying a criminal cause may determine from the personal appearance of the defendant whether or not he be over a certain age, without hearing evidence, either as to the age or its indications, it will, so far as that issuable fact is involved, deprive the defendant of this right of review. It is true, that in this case, we have the statement of the judge to supply the want of evidence, but the judge was not a witness, and the State is not entitled to avail itself of his knowledge, except upon matters of which the court takes judicial notice.

Again, if it were sufficient that the judge, when trying the cause, should be satisfied by the personal appearance of the defendant that his age brought him within the penalty of the statute, and that his certificate of such conviction would avail in this court, it would follow that the same appearance would equally justify a jury, when trying a cause, to reach the same result, and yet we know of no method by which we could receive information as to the reasonableness of the impression made upon their minds by their observation of the personal appearance of the defendant. The statute, indeed, authorizes the court to permit the jury to inspect a place where any material fact occurred, but this only indicates the necessity of legislative action before the court can depart from the long settled method of dis-covering material facts.

It seems to us, that it is but reasonable, in a criminal pro-ceeding, to require the State to resort to the ordinary course of proof to establish every material fact charged in the indictment.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. Van Devanter* and *J. F. McDowell,* for appellant.
*D. E. Williamson,* Attorney General, for the State.