[No. 6434.]

## QUINN v. THE PEOPLE.

CRIMINAL LAW—*Sale of Intoxicating Liquors to Minor—View* Where in a prosecution for the sale of liquor to a minor, the evidence as to the age of the alleged minor is in conflict, the jury may take into consideration his size and appearance; but where such appearances are to be considered they should be detailed in testimony which can be preserved in the record—(353).

Doubted if the omission of such testimony, or the preservation thereof in the record, would be error, where the attention of the jury is called to the appearance of the alleged minor, as evidence of his minority—(352).

But where no evidence at all is offered upon the question of age, and the attention of the jury has not been directed to the appearance of the witness, for that purpose, a conviction can not stand—(353).

*Error to Denver Juvenile Court*—Hon. W. G. ALEXANDER, Judge.

Mr. RICHARD PEETE for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, and Mr. GEORGE D. TALBOT for the people.

Mr. JUSTICE HILL delivered the opinion of the court:

Prosecution for selling intoxicating liquors to a minor; trial by jury; verdict and judgment for the people; the defendant brings the case here for review upon error. At the close of the people's case, as well as upon the motion for a new trial, the sufficiency of the evidence to sustain the conviction was challenged. Lawrence Doughty, the witness who testified to the purchase of the liquor at the defendant's drug store, was not asked and did not testify to the fact that he was a minor. He was not asked any question concerning his age; nor was any other witness asked any question concerning Doughty's age, and neither he nor any

other witness gave any testimony concerning his size, general appearance, etc., pertaining to his age, or otherwise. In no manner, during the introduction of the testimony, was the jury's attention called to the appearance of the witness in order to take that fact into consideration in passing upon his age. The learned attorney general admits that there was no testimony, oral or documentary on this point; so the question presented is, can the age of the minor be determined by inspection only, when at no time during the introduction of the evidence was the attention of the jury called to the fact that the witness was on inspection for that purpose? Under such a state of the record we do not think that there was any evidence upon which a conviction could be sustained. The gist of the crime charged was not the sale of the liquor; the defendant was licensed to make sales of liquors. In order to make it a crime the sale had to be to a minor, unaccompanied by either of his parents, etc., in which case the age of the purchaser was the controlling issue. While it is true where a witness is ten or twelve years of age, the observation of the jury as to his appearance in connection with other evidence pertaining to his age might be entitled to great weight (even controlling where the evidence is conflicting), yet where the witness is of the age of twenty years and eleven months and of the average size and appearance of a person of that age, the observation of the jury from his appearance would be absolutely worthless, and when standing alone would be no evidence at all upon the subject. The record gives us no intimation, by a description of the witness or otherwise, as to about what his age may have been, or any thing from which we can say that there was any evidence to the effect that the witness was a minor.

In *Stephenson v. The State,* 28 Ind. 272, where the age of the defendant was material, it was held that the

age of the accused must be proven by sworn testimony and that the court or jury could not determine this fact for themselves from the personal appearance of the accused alone.

The case of *Ihinger v. The State*, 53 Ind. 251, goes further, it holds that the appearance of a witness in respect to his age, as seen by the court or jury cannot be considered as evidence, either with or without competent evidence of his age, in determining whether or not the defendant acted in good faith in selling him the liquor.

This last case appears to be reasoned upon the theory that there is no mode of putting such evidence upon the record in order that it may be passed upon by an appellate tribunal. Also, that on the motion for a new trial the judge would have to substitute his impressions, as to the appearance of the witness as to age, for those of the jury; the court concluded that the jury could not consider the appearance of the witness in respect to his age, as they viewed him, aside from evidence given as to his appearance.

Other cases take a contrary view and hold that where there is a conflict of evidence as to the age of the witness that the jury have the right to consider his size, appearance, etc., to aid them in coming to a conclusion as to his age.—*State v. McNair*, 93 N. C. 628.

Another class of cases, under statutes which sanction evidence obtained by view in criminal cases, holds that where the knowledge of the person charged as to the other party being a minor is material, that the jury might determine from the personal appearance or view only of the party whether the defendant knew or had reasonable grounds to believe that the witness was under the age of twenty-one years when the act complained of was committed.—*Hermann v. The State*, 73 Wis. 248. This line of cases would not be altogether applicable to the case at bar; here the lack of knowl-

edge of the defendant, or as alleged in this case that of his clerk, as to the age of the witness, is immaterial, and we, at this time, do not deem it necessary to lay down any rule as controlling in all such cases.

Our conclusions are, that in such cases where there is a conflict in the evidence concerning the age of the witness, the jury should have a right to take into consideration his size, appearance, etc., in connection with the other evidence, but that when it is to be so considered the better rule is to have such description, appearance, etc., supplied by evidence, which can be properly preserved in the record, but it probably would not be error, were this omitted, where the jury's attention has been called to the appearance of the witness for that purpose. But where no evidence has been offered upon the subject, and where the attention of the jury has not been called to the appearance of the witness for that purpose, it is prejudicial error to accept the finding of a jury concerning the age of the witness when it is material to a conviction, with no evidence of any kind upon the subject.

As this error necessitates a reversal of the judgment, the others urged will not be considered. The judgment is reversed and the cause remanded for a new trial.

*Reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MUSSER concur.