People, Plaintiff and Appellee, v. Ortiz,
Defendant and Appellant.

Appeal from the District Court of Guayama in a Prosecution
for Assault and Battery.

No. 1689.—Decided July 11, 1921.

Assault and Battery—Adult Male—Evidence.—When a defendant is charged
with a violation of subdivision 5 of the Act penalizing assault and battery
the government is bound to prove that the defendant was an adult male and
such evidence is not supplied by the personal opinion of the judge regarding
the age of the defendant who appeared before him, for the defendant would
be deprived of his right to a decision on appeal as to whether or not the
judge erred in finding that he was over 21 years of age.

The facts are stated in the opinion.

Mr. J. J. Aponte for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Cándido Ortiz was charged with the crime of assault and
battery with the aggravating circumstance that he was an
adult male while the person assaulted was a woman. He was
convicted of aggravated assault and battery and in the ap-
peal taken by him from the judgment he alleges as error that
the trial court convicted him of the offense with the said
aggravating circumstance although the district attorney had
not proved that the appellant was an adult male, that is, a
man over twenty-one years of age, which was held to be neces-
sary in the case of People v. Colón, 25 P. R. R. 586.

The district attorney proved the crime of assault and bat-
tery, but offered no evidence at the trial to show that the
defendant was an adult male; whereupon the defendant made
a motion for nonsuit wherein he first asked to be acquitted
and then concluded by asking that his crime be considered
as simple assault and battery, saying that he would offer no
evidence. Thereupon the judge of the court said that as the
defendant was present before him the court would conclude
that the defendant was an adult male. The court then in-

vited the defendant to produce his evidence, but the defendant declined.

Although in some decisions it has been held that the jury or the court may estimate the age of the defendant from his appearance alone, we prefer to adopt the contrary view as expressed by the Indiana court in *Stephenson* v. *The State,* 28 Ind. 272. In that case it was charged that Stephenson was more than fourteen years old and opened his store on Sunday. No evidence was offered regarding his age, but the court held that such evidence was not necessary because the defendant was in his presence and his appearance was that of a full-grown man. The court said:

"Our statute gives the defendant in a criminal case, upon conviction, the right to present, by bill of exception, all the evidence given in the cause for review in this court. If the judge or jury trying a criminal cause may determine from the personal appearance of the defendant whether or not he be over a certain age, without hearing evidence, either as to the age or its indications, it will, so far as that issuable fact is involved, deprive the defendant of his right of review. It is true, that in this case, we have the statement of the judge to supply the want of evidence, but the judge was not a witness, and the State is not entitled to avail itself of his knowledge, except upon matters of which the court takes judicial notice.

"Again, if it were sufficient that the judge, when trying the cause, should be satisfied by the personal appearance of the defendant that his age brought him within the penalty of the statute, and that his certificate of such conviction would avail in this court, it would follow that the same appearance would equally justify a jury, when trying a cause, to reach the same result, and yet we know of no method by which we could receive information as to the reasonableness of the impression made upon their minds by their observation of the personal appearance of the defendant. The statute, indeed, authorizes the court to permit the jury to inspect a place where any material fact occurred, but this only indicates the necessity of legislative action before the court can depart from the long settled method of discovering material facts.

"It seems to us, that it is but reasonable, in a criminal proceed-

ing, to require the State to resort to the ordinary course of proof to establish every material fact charged in the indictment.''

In corroboration of what was said in that opinion we may add that the crime of assault and battery is penalized by our statutes with only a fine not to exceed fifty dollars, but when it is attended by any of the aggravating circumstances specified in the said statutes, one of them being when the defendant is an adult male and the victim a woman, then the punishment is a fine of from fifty to one thousand dollars or imprisonment in jail from one month to two years, or both fine and imprisonment; therefore in order that we may decide on appeal whether an error was committed in convicting the appellant of the crime of aggravated assault and battery as charged in the information, it is necessary that the record should contain evidence of the aggravating circumstance, and it is not sufficient to have the opinion of the court as to the defendant's age formed from his appearance alone, because the appellant would be deprived of his right to have this court decide whether or not the trial court erred in finding that he was over twenty-one years of age.

For the foregoing reasons the appellant could be convicted only of the crime of simple assault and battery and the judgment must be modified accordingly.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.