PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN MIRANDA, Defendant and Appellant.

No. 3343. Argued January 12, 1928.—Decided March 8, 1929.

*Agustín E. Font* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Juan Miranda, an adult male, was convicted of an assault and battery committed upon the person of a female.

When the prosecuting witness was asked whether her assailant was a man or a woman counsel for defendant objected and the prosecuting attorney indicated the necessity of proving that defendant was an adult male. The trial judge then mentioned the fact that the prosecuting witness was identifying the defendant and said that he could see that he was a man of more than thirty years. Upon further objection by counsel for defendant, the trial judge withdrew his remark.

The first assignment of error is based upon this incident and is manifestly without merit.

Another contention is that the court below erred in admitting testimony to show that defendant had children and, in this connection, we are referred to *People* v. *Colón,* 25 P.R.R. 586, where this court said:

"There was some reference to crying children, but the evidence does not show that they were the children of appellant, even if having children was sufficient to show that a person is an adult."

The testimony in the instant case tended to show that some of defendant's children were full-grown and that five

of them wore long trousers. One of them resided at the time of the trial in New York. Others of more tender years called defendant "papá" and he addressed them as his children.

The third question raised by appellant goes to the admission of evidence as to the existence of these younger children. The testimony in this regard, if it stood alone, would not exclude the theory of adolescence and, therefore, would not sustain a judgment of conviction. The question, in any event however, would remain a question of probative value, as in the *Colón Case,* rather than one of admissibility. In the circumstances of the instant case an objection that the testimony in question does not exclude the idea of a green old age would be more plausible, although not so well suited perhaps to the purpose of appellant.

The fourth ground of appeal is that the court below erred in permitting the prosecuting attorney to present the accused as evidence of his age, in order that the trial judge might take into consideration the general appearance of defendant in determining the question as to whether or not he was an adult. The defendant was already present and was not required to rise nor to take the stand. Both the prosecuting attorney and the court explained the limited purpose of this formality, and in response to a request from the *fiscal* the trial judge announced as the result of his observation and for the purposes of record that the defendant appeared to be more than twenty-one years of age.

The argument for appellant is that defendant was compelled to become a witness against himself. The only authority cited by counsel is *People* v. *Ortiz,* 29 P.R.R. 695.

In *People* v. *Ortiz,* 29 P.R.R. 467, decided some weeks before the case relied upon by appellant, "there was absolutely no evidence to show that defendant, charged with being an adult male and beating a woman, was in fact such an adult." In the course of the opinion this court said:

"The record should show in any event that the court took a look at the defendant and judged of his age." The syllabus reads as follows:

"In the prosecution of a criminal cause where the age of the defendant is an essential element of the crime, as in assault and battery upon a woman by an adult male, the record must show that the judgment was based on the evidence, there being no presumption that the court estimated the age of the defendant from his appearance."

In the later case, likewise entitled *People* v. *Ortiz:*

"The district attorney proved the crime of assault and battery, but offered no evidence at the trial to show that the defendant was an adult male; whereupon the defendant made a motion for nonsuit wherein he first asked to be acquitted and then concluded by asking that his crime be considered as simple assault and battery, saying that he would offer no evidence. Thereupon the judge of the court said that as the defendant was present before him the court would conclude that the defendant was an adult male."

In the circumstances this court said:

"Although in some decisions it has been held that the jury or the court may estimate the age of the defendant from his appearance alone we prefer to adopt the contrary view as expressed by the Indiana court in *Stephenson* v. *The State,* 28 Ind. 272."

In disposing of the *Stephenson Case* the Indiana court said, among other things:

"It is true that in this case we have the statement of the judge to supply the want of evidence, but the judge was not a witness, and the State is not entitled to avail itself of his knowledge, except upon matters of which the court takes judicial notice."

In *People* v. *Hernández,* 34 P.R.R. 313, 314, it was said that—

"While in *People* v. *Ortiz,* 29 P.R.R. 695, we held that the court by mere inspection had no right to convict, the theory was that some evidence must be presented even if, as suggested, the judge became a witness."

Se also *People* v. *Benítez*, 36 P.R.R. 815.

Where, as in the instant case, the attention of the trial judge is expressly directed to the defendant, as an aid to a determination of the question of age, and the result of such observation is made a matter of record, the judge becomes, to all practical intents and purposes, a witness. To brush aside a statement made by a trial judge in such circumstances, upon the ground that this court is not in a position to determine the reasonableness of an impression derived from personal observation of the accused, would, by the same token, exclude like testimony coming from the lips of any other witness. Incidentally the doctrine of the Indiana case, if so applied, would require a reversal of a number of our own decisions, including *People* v. *Hernández* and *People* v. *Benítez, supra,* to the effect that "a competent observer may be permitted to state his inference as to the age of human beings, whether they are adults or young children."

"Some courts state the rule broadly to be that the prohibition against compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or normal compulsion to extort communications from him, not an exclusion of his body as evidence where it may be material; and that, when exhibited, whether voluntarily or by order, the evidence, if material, is competent." 16 C. J., page 568, par. 1100.

The leading case among those cited in support of the text just quoted is *Holt* v. *U. S.*, 218 U. S. 245. We are not prepared at this time to take issue with the Supreme Court of the United States upon the point so decided.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.