No. 16,211.

SLOCUM *v.* THE PEOPLE.
(207 P. [2d] 970)

Decided May 16, 1949.

Messrs. MOYNIHAN-HUGHES-SHERMAN, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. RAYMOND B. DANKS, Assistant, for the people.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT was convicted of the crime of first degree rape on an information charging that he "did * * * unlawfully, forcibly and feloniously rape, ravish and carnally know a certain unmarried female person under

the age of eighteen years, to-wit: Iona Peterson, of the age of seventeen years, he the said Mike Slocum being then and there a male person of over the age of twenty years, contrary to the form of the statute in such case made and provided."

Motion for new trial was overruled and the case is before us on defendant's request for final determination upon his application for supersedeas.

Present counsel have requested us to observe that they did not represent defendant at the trial and that in the event we were inclined to refuse consideration of any of the assignments of error now made because the record was not properly preserved or the defendant's rights protected at the trial, that they be absolved from any criticism we might be inclined to make. This is a fair and proper request. It may be noted that counsel appearing for the defendant in conduct of the trial made no objections to the evidence and saved no exceptions to the giving of any instructions, but did tender instructions which should have been more fully considered by the court in a case of this nature.

Trial was had December 15, 1948. The prosecutrix, unmarried, being seventeen years old on September 17, 1948, met defendant at the Knox Cafe and Bar about the last of October as she was returning from a night show; following that time, she and defendant attended places of entertainment, all within the period of a few days time so far as the record discloses. About the last day of October, defendant, according to the testimony of the prosecutrix, requested her to go to Rangely, Colorado, with him, but before going he asked her to marry him and they went to her home at about 1:30 in the morning so that defendant could obtain the consent of her father and mother to the marriage. The girl's father was awakened and defendant asked his consent to the marriage and the father said it was all right with him, but they would have to talk with the girl's mother. The mother said to the girl and the defendant that if they

were satisfied, it was all right with her. Defendant and the girl left her home and instead of going to Rangely, where defendant said he wanted to ask his uncle about the marriage, they drove on to Rifle, Colorado, where they ran out of gasoline at a tourist camp. Defendant registered as Mr. and Mrs. Mike Slocum. They occupied the same room and the girl testified that she had intercourse with the defendant, which he denied. They returned to Meeker the next day. In a few days they took an evening drive up the river to see a swimming hole, but apparently drove on to the end of the road and in backing up the automobile ran over a log and were unable to move the car and as it was late in the evening, they stayed in the car the rest of the night and were helped out of the difficulty the next morning. The girl testified that she had intercourse with the defendant, which he denies. Defendant testified, and it is not disputed, that the prosecutrix told him that she loved him and wanted him to marry her on these occasions.

The last incident, where they spent the night in the automobile, about November 10, is the basis of the charge in the information. There is no testimony of any force on the part of the defendant or resistance on the part of the prosecutrix, the only incident bearing on that question was the first time when defendant asked her to have intercourse with him, she said, "No," and he replied, "Oh, well, we are going to be married any way."

The present counsel, first appearing in the case after the verdict, filed motion for new trial which is as follows:

"1. That the evidence was insufficient to sustain the verdict.

"2. That there was no evidence whatsoever to the effect that the defendant was over the age of 18 years or over the age of 20 years, as charged in the information.

"3. Error was committed in failing to instruct the jury with reference to third degree rape, as there was (if

observation of the person of the defendant constituted any evidence of his age) sufficient evidence upon which the jury should have been permitted to find the defendant guilty only of third degree rape.

"4. That the verdict was based solely upon the unsupported testimony of the prosecuting witness and her testimony was so uncertain, inconsistent and conflicting as to be incredible and unworthy of belief.

"5. Error was committed in the introduction of the testimony of the prosecuting witness as the sole and only witness thereto, concerning an alleged previous offense against said prosecuting witness.

"6. Error was committed in failing to give the jury a cautionary instruction concerning the testimony of accomplices and accessories in connection with the testimony of the witnesses Clarence Peterson and Mrs. Clarence Peterson."

This motion, according to the remarks of the court, was seriously considered by the trial court, but as hereinbefore stated, was overruled. Error is assigned, based on four specified points, as follows:

"1. Error was committed in failing to give to the jury a cautionary instruction concerning the testimony of accomplices and accessories in connection with the testimony of the witnesses Clarence Peterson and Mrs. Clarence Peterson.

"2. That the Evidence was insufficient to sustain the verdict.

"3. That there was no evidence whatsoever to the effect that the defendant was over the age of 18 years or over the age of 20 years, as charged in the information.

"4. Error was committed in failing to instruct the jury with reference to third degree rape, as there was (if observation of the person of the defendant constituted any evidence of his age) sufficient evidence upon which the jury should have been permitted to find the defendant guilty only of third degree rape."

From our examination of the record, regardless

of the lack of proper exceptions and objections that could have been made in the course of the trial, we feel that errors occurred, therefore, to further the ends of justice, we proceed to consider and resolve the points of our own motion. The apt language of Mr. Justice Stone in the case of *Ellis v. People,* 114 Colo. 334, 164 P. (2d) 733, is applicable and to the effect that we do not determine whether, in the absence of proper record and objection, any one of the errors noted in this trial could have been sufficient in itself to justify reversal, but considered together, we are brought to the unavoidable conclusion that the defendant did not have the benefit of a full, fair and complete trial to which the law entitles him.

Present counsel for defendant, supporting assignment No. 1, argues that the court committed error in failing to give a cautionary instruction concerning the testimony of accomplices and accessories in connection with the testimony of Clarence Peterson and his wife. These witnesses were the mother and father of the prosecutrix and the substance of their testimony was as hereinbefore slightly mentioned, as to their connection with the two incidents, but the testimony further showed that they confronted defendant about the matter and told him that there was an easy way out and that was to marry the girl, or else. The prosecution then followed. We do not consider this testimony sufficient to require the giving of an instruction relative to the testimony of these witnesses to be considered in the light of accessories to the alleged crime. No instruction should be given by the court either on its own motion, or at the request of counsel, which tenders an issue that is not presented by the pleadings or supported by the evidence, or which deviates therefrom in any material respect. Such an instruction might cause a jury to believe that such an issue was before them and result in returning an improper verdict. An accessory is one who aids, abets, encourages or assists in the commission of

the crime. No reasonable view of the circumstances, their testimony, and other testimony, would bring these two witnesses within such classification, and nondirection by the court was not prejudicial to the defendant and no error resulted.

■ Consideration of the testimony concerning these two witnesses, and that given by them, impels us to consider the refusal of the court to give defendant's tendered instruction No. 11, which is: "The court instructs the jury that crimes of the nature herein involved are easily charged, hard to prove, and harder still to defend because of their nature."

Error is not assigned as to the refusal of the court to give this instruction. However, in furtherance of our herein expressed right to resolve points as of our own motion, we note the possible error here, and the probable error that might result in the trial of many sex cases hereafter. The giving or refusal of cautionary instructions rests largely in the sound discretion of the trial court. While we are not inclined to say that the refusal of the instruction tendered was an abuse of discretion, and standing alone, was sufficient to set up reversible error, however, we adhere to the view, supported by the sound reasoning of many authorities, that to afford the defendant full measure of protection, a cautionary instruction should be given in proper cases, especially when offered. The flawless logic of this rule is forcibly stated in *People v. Adams*, 14 Cal. (2d) 154, 93 P. (2d) 146, wherein the court, quoting from *People v. Benson*, 6 Cal. 221, says: " 'There is no class of prosecutions attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenceless, and Courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rule which should govern the jury in their finding.' "

Infirmity exists in the wording of the instruction as

tendered. However, it was sufficient to arrest the attention of trial court to the end that a properly worded instruction on this question be given to the jury. Guidance for such instruction is to be found in 53 American Jurisprudence, page 485, section 620.

The possibility of error in refusing this instruction, coupled with error we are now about to discuss, creates a serious doubt as to whether the defendant herein had the benefit of a full, fair and complete trial.

■ Assignment No. 3: "That there was no evidence whatsoever to the effect that the defendant was over the age of 18 years or over the age of 20 years as charged in the information." The information charges rape in the first degree as defined by subsection 1 of section 58, chapter 48, '35 C.S.A., which is, "1. By the male person where the female person is unmarried, and where the female person is under, and the male person is over the age of eighteen years; and this is rape in the first degree." As to the age of defendant, the information states, "* * * he, the said Mike Slocum being then and there a male person of over the age of twenty years * * *."

Our earlier cases, *Mitchell v. People,* 24 Colo. 532, 52 Pac. 671, decided in the year 1898, and *Peckham v. People,* 32 Colo. 140, 75 Pac. 422, decided in the year 1904, dealt with the application of the common. law, and prior to the enactment of our rape statutes in the year 1907, and held that in such prosecutions it was not necessary to allege in the indictment, nor incumbent upon the prosecution, to prove the age of the defendant. It is clear from the reading of these cases that the decisions therein were based on the common-law presumption of capacity at the age of fourteen years, and, like many other cases of about the same period, apparently adopted that presumption without searching the reason or cause of the presumption. Later cases seem to deal with statutory rape and adopt this view on the question of the necessity of proof as to the age of the defendant. This rule appears in some of the later Illinois cases, the

decisions of which state we have been inclined to follow, namely, *Wistrand v. People,* 213 Ill. 72, 72 N.E. 748 and *Schramm v. People,* 220 Ill. 16, 77 N.E. 117. It is to be noted that the two Colorado cases cited herein contained citations of the same cases relied upon by the earlier Illinois cases, and we are inclined, in cases of statutory rape, to approve and adopt the language used in the Illinois case of *Schramm v. People, supra,* which is as follows:

"The indictment in this case consists of two counts, each charging that the defendant, 'being a male person of the age of fourteen years and upwards, unlawfully and feloniously did make an assault in and upon one Etta Swallow, then and there being a female person under the age of fourteen, to wit, five and one-half years, and her, the said Etta Swallow, then and there wickedly, unlawfully and feloniously did ravish and carnally know, contrary to the statute,' etc. By motions to quash and in arrest of judgment the point was made that the indictment, and each count thereof, was fatally defective, in that it failed to allege that the defendant was, at the time of the commission of the crime, 'of the age of sixteen years and upwards.' Both motions were overruled.

"Counsel for plaintiff in error rely upon the recent case of *Wistrand v. People,* 213 Ill. 72 [72 N.E. 748], as sustaining their contention that the indictment is not sufficient. It is conceded that it is held in that case that the defendant's age in such case is a material element of the crime and must be proved by the People in order to authorize a conviction, but it is claimed that the *Wistrand case* is in conflict with the settled law of this State as announced in *Sutton v. People,* 145 Ill. 279 [34 N.E. 420], and other cases. In the *Sutton case* the indictment charged the offense as at common law,—that is, as having been committed forcibly and against the will of the female,—and it was held that the averment of the defendant's age was mere surplusage and need not be

proved by the People; that his age, if under fourteen, was a matter of defense. This, however, is a different case. The attempt in this indictment is to charge the statutory offense of rape without force,—that is, with or without the consent of a female child under the age of fourteen years. The statute defining that crime is: 'Every male person of the age of sixteen years and upwards, who shall have carnal knowledge of any female person under the age of fourteen years, either with or without her consent, shall be adjudged to be guilty of the crime of rape.' (Hurd's Stat. 1903, chap. 38, par. 237.) By the terms of the statute no person can commit the offense, except he be of the age of sixteen years or upwards. We do not think there is any necessary conflict in our former decisions and the *Wistrand case. Johnson v. People,* 202 Ill. 53 [66 N.E. 877], simply holds that the indictment in that case, which did aver the age .of the defendant to be sixteen or upwards, was sufficient, being substantially in the language of the statute. It is true that decisions of other courts are to be found holding that, even under statutes like ours as above quoted, the indictment need not aver the age of the defendant; but they are in conflict with *Wistrand v. People, supra,* at least to the extent of holding that the age is a mere matter of defense, our holding being that it is of the body of the crime and must be proved by the People. It would seem to necessarily follow that the indictment should aver that fact."

It is wholesome and humane for us to say that the courts of this state should have no less concern for the protection of the boys, than it has seemed to be exclusive for girls. In crimes of the nature herein charged, the age of the defendant is a material point, and when· alleged as in the information before us, the same rule applies as in all other criminal cases, namely, that it is incumbent on the people to prove the allegations set out in the information. Here we have the allegation that the defendant is over twenty years of age, and this allega-

tion is before the jury without one syllable of proof in support thereof. That it is material, this court, speaking through Mr. Justice Knous in *Hoppal v. People,* 102 Colo. 524, 81 P. (2d) 381, said: "The element of resistance by the female, and the requisites of force and violence on the part of the male, to bring the case within the only definition of first degree rape applicable; second —and incidentally, even if subdivision 1 of section 58, supra, had any relation to the case, which we have held it did not—the factor of the age of the male, person, a prerequisite of guilt under the last mentioned subdivision."

■ Counsel for people have argued that the jury was justified in finding the defendant guilty as charged herein, that his being over the age of eighteen years, because of the opportunity to observe defendant during the trial and while he was testifying on his own behalf. The people's counsel, Mr. Danks of the attorney general's office, has very honorably brought the attention of the court and counsel for defendant, to the case of *Quinn v. People,* 51 Colo. 350, 117 Pac. 996. This case clearly disposes of the proposition urged by the people that the jury no doubt found the defendant to be over the age of eighteen years or over the age of twenty years because in *Quinn v. People, supra,* it was stated in effect that where there was no evidence, oral or documentary, on the question of age, and the attention of the jury was not called to the fact that the defendant was on inspection for that purpose, this does not constitute any evidence upon which a conviction can be sustained.

Instruction No. 6: "* * * It is the duty of the prosecution, in order to sustain a conviction at your hands to prove to your satisfaction the truth of every material allegation charged in this information, beyond a reasonable doubt; * * *."

Counsel for the people state that in 1907, the legislature enacted our present statute governing the offense of rape. In so far as the point under discussion is con-

cerned, the legislature provided that to constitute rape in the first degree, where no force or violence is involved, the age of the defendant must be over eighteen. With this statement, we agree. However, a confusing inconsistency exists because our statute provides, and the court so instructed the jury, that, "All cases of rape as herein defined, shall be and are deemed carnal knowledge of a female forcibly and against her will." The information alleges force, but the record is barren of any indication of force whatever, and the testimony of the prosecutrix is quite to the contrary. The people herein contend that because it appears of record that defendant was convicted of burglary in California in 1942, that fact, coupled with his appearance, the jury was justified in finding him to be of eighteen years of age. This is a wishful argument, but without sufficient force because the jury was not called upon, by any evidence or by any instruction, to take into consideration the age of the defendant either in the California case or in the present case. All of this, connected with the statement of the district attorney in his opening argument that the defendant was twenty-three years old and no semblance of proof whatever, does show a strong inclination to obtain a conviction without strict compliance with desirable procedure. We said in *Monchego v. People,* 105 Colo. 486, 99 P. (2d) 193, that it was not error to permit the district attorney to reopen the people's case for the purpose of showing the age of the defendant, and the ruling of the court was in the following words: "As to the court's permitting the district attorney to reopen the people's case for the purpose of showing the age of the defendant, we think the permission was properly granted. Failure to introduce the evidence in the first instance clearly was an inadvertent oversight on the part of the prosecution, and the court's action was well within its discretion."

As to the fourth point specified, to the effect that error was committed in failing to instruct the jury

with reference to third degree rape (if observation of the person of the defendant constituted any evidence of his age), that there was sufficient evidence upon which the jury should have been permitted to find the defendant guilty only of third degree rape, and in that event, the penalty would have been less.

Since there was no evidence of any kind to support any particular age of the defendant, as we now hold was required, then there was no evidence upon which the court was required to instruct as to a lesser degree and no error committed.

For the reasons herein set out, we believe and so find, that the defendant did not have the full benefit of a fair trial and the judgment should be, and is reversed.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE HAYS and MR. JUSTICE MOORE concur.

MR. JUSTICE STONE concurs in the result.

MR. JUSTICE JACKSON and MR. JUSTICE ALTER dissent.