No. 20324.

Billy E. McClenny *v.*
The People of the State of Colorado.
(393 P.2d 736)

Decided June 22, 1964.    Rehearing denied August 3, 1964.

Mr. J. H. BOUTCHER, Mr. JOHN GIBBONS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE McWILLIAMS.

TRIAL by a jury of his peers resulted in a verdict adjudging McClenny guilty of burglary, grand larceny and conspiracy to commit each of said crimes. Thereafter McClenny was duly sentenced to a term in the state penitentiary, his motion for a new trial having been denied. By the present writ of error McClenny now seeks reversal of this judgment and sentence, alleging as grounds therefor the following:

1. the evidence "considered as a whole" is legally insufficient to support the verdict;

2. the trial court erred in granting the district attorney a one day continuance to enable him to locate a "missing" rebuttal witness; and

3. a new trial should have been ordered because of newly discovered evidence.

In our view each of these contentions is without merit and the judgment must be affirmed. A brief recital of the evidence adduced upon trial will tend to put the matter in proper focus. It was established that some person or persons forcibly broke and entered the business offices of the Lowdermilk Bakeries, Inc., situate in Arapahoe County, and then proceeded to break open the company's safe and steal therefrom some $1,400. One Arrants, a former member of the Arapahoe County Sheriff's office, and one Hutton, a former member of the Denver Police Department, were called as witnesses by the People and each detailed his particular part in this crime. Moreover, each also implicated Mr. McClenny in this Lowdermilk burglary. Specifically, Arrants testified that he had reason to believe that a considerable sum of money was kept in the Lowdermilk safe each weekend and that he communicated this fact to his close friend, McClenny. He stated that he wasn't certain whether it was his idea to burglarize the Lowdermilk premises, or McClenny's, but that on the night in question he picked up McClenny and Hutton at a prearranged meeting place and the three of them proceeded in his official car to the scene of the burglary. According to Arrants, he acted as the "lookout" while McClenny and Hutton gained entry to the office and broke open the safe.

Hutton testified that he was "lined up" for the job by McClenny, both Arrants and Hutton testifying that the two of them had never met prior to this burglary. Hutton stated that McClenny assisted him in breaking open the safe and that the money obtained from the safe was immediately split three ways.

McClenny, however, denied any participation in this burglary and, in an effort to explain away the testimony of Arrants and Hutton, he testified that each of them held a personal grudge against him. McClenny also attempted to establish an "alibi," and his testimony in this

regard was to a degree corroborated by his wife and mother.

██ Without going into any further detailing of the evidence, it is at once obvious that there was a very sharp conflict between the People's evidence and that introduced in behalf of the defendant, McClenny. If the jury chose to believe the testimony of Arrants and Hutton, certainly there was ample evidence to sustain the verdict of the jury. In support of the proposition that a criminal conviction may be grounded even on the uncorroborated testimony of an accomplice, see *Hoffman v. People,* 72 Colo. 552, 212 P. 848 and *Mendelsohn v. People,* 143 Colo. 397, 353 P.2d 587. In the instant case, of course, the testimony of one accomplice is corroborated by that of another accomplice, a situation similar to that found in *Hamilton v. People,* 87 Colo. 307, 287 P. 651.

██ McClenny's "alibi" testimony, even though somewhat corroborated by his wife and mother, did no more than pose a controverted issue of fact properly to be resolved by the trier of the facts. This Court is not a fact finding body and to overturn this verdict would amount to a usurpation by us of the prime function of the jury. This Court is not charged with the duty of weighing the evidence and determining the degree of credibility which should attach to persons testifying in a trial court. It is the duty of the jury to determine where the truth lies. In short, when the evidence is considered as a whole, it is amply sufficient to support the jury's determination that McClenny was guilty of the crimes charged in the information. Stated somewhat differently, we do not regard the evidence adduced by the defendant McClenny, including the evidence that on the date of the burglary his shoulder was in a cast, to be of such an overwhelming nature as to completely neutralize the People's case. It only served to present a disputed issue of fact which has been resolved adversely to McClenny by the jury.

■ After McClenny concluded his presentation of evidence the district attorney, over objection, obtained a one-day continuance to permit him opportunity to subpoena as a rebuttal witness a person who was then reportedly "missing." It is contended that the district attorney made some prejudicial statements in connection with his request for a continuance in the presence of the jury and also that the press coverage of this incident was highly inflammatory and generally improper. On not one, but several occasions the jury had been instructed not to read or listen to any newspaper, radio or TV account of the trial proceedings, and there is no showing that any juror violated this instruction. The remarks of the district attorney in connection with his request for a continuance, which were made in the presence of the jury, were neither improper nor in anywise prejudicial. The matter of a one-day continuance to permit the district attorney to locate this "missing witness," which incidentally the district attorney was able to do, is one which rests with the sound discretion of the trial court. See *Johnson v. People,* 152 Colo. 586, 384 P.2d 454. Suffice it to say that the trial court did not abuse its discretionary power in granting the one-day continuance nor did it err in refusing to grant McClenny's motion for a mistrial based on the allegedly improper remarks of the district attorney.

■ McClenny finally argues that a new trial should have been ordered because of newly discovered evidence. This request was based upon an affidavit of McClenny's wife to the effect that during the trial she noticed Hutton and a rebuttal witness for the People conversing in the hallway at a recess of court. She claimed that she overheard Hutton tell the witness "to testify as I told you to." Mrs. McClenny apparently did not attach any particular significance to this incident at the time, as it was only *after* the jury returned its verdict that she first advised her husband's attorney of the incident. This is not such newly discovered evidence as would justify or require

the granting of a new trial and the trial court committed no error in denying this request. See *Eachus v. People,* 77 Colo. 445, 236 Pac. 1009, where the defendant's claim of newly discovered evidence was based on an incident occurring during trial which though known to the defendant was not brought to the attention of the trial court at the time when it occurred, but was raised for the first time in a motion for new trial.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.