## No. 21298.

ARTHUR FRANK BUSTOS ALIAS ARTHUR FRANK PADILLA
*v.* THE PEOPLE OF THE STATE OF COLORADO.
(408 P.2d 64)

Decided November 15, 1965. Rehearing denied December 13, 1965.

Martin A. Kane, Leo T. Zuckerman, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George E. DeRoos, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Pringle.

The defendant, Arthur Frank Bustos, brings writ of error from a judgment entered upon a jury verdict finding him guilty of aggravated robbery.

The evidence presented in the trial court established that a tavern was robbed by a masked gunman on August 17, 1962, between 9:30 and 10:00 P.M. One Joseph Jimenez, a bartender at the establishment, testified that between 9:30 and 10:00 P.M. a man wearing a Navy type mask entered the tavern. With gun in hand, the man approached Jimenez. When the man reached the end of the bar, he pointed the weapon at Jimenez and ordered him to "Call the customers into the kitchen." To this the gunman added that "This is a stick up." Jimenez further testified that approximately $400 was taken during the course of the robbery.

Another witness for the prosecution, Jacob Trujillo, testified that he was playing pool in the tavern at the time of the robbery. The masked gunman demanded Trujillo's wallet. When Trujillo refused the gunman's demand, a struggle ensued between the two men. During the course of the struggle, Trujillo succeeded in unmasking the gunman. Once unmasked, Trujillo was able to observe the gunman's face. In the police line-up, shortly after the robbery, Trujillo identified the defendant as the gunman involved in the robbery.

Trujillo's wife, another witness to the robbery, tes-

tified that she saw the gunman's face after his mask had been removed. At the police line-up, she also, separately and independently from her husband, identified the defendant as the gunman.

One Angelo Pereyra testified that he was standing outside the tavern at the time of the robbery. He observed a car parked outside the tavern with its motor running. A short time later, Pereyra saw a man carrying a little bag hurrying from the tavern. The man got into the car and drove away in a northerly direction. During his observations, Pereyra saw the man's face and identified the defendant as the same man he saw leaving the tavern.

Finally, Police Officer Markham testified as to People's Exhibit A. Markham identified the mask as the one he found in the driveway at 3428 Navajo Street. This address was two or three houses directly north of the tavern and on the same side of the street.

The defendant was charged with robbery under C.R.S. '53, 40-5-1 of one Thomas V. Lopez. Subsequently, and before the trial, the information was amended by the court by striking the name of "Thomas V. Lopez" and substituting "Joe Jimenez."

The defendant raises three arguments in his brief: (1) the trial court erred in permitting the information to be amended at trial by changing the name of the victim; (2) the trial court erred in permitting testimony concerning Exhibit A, a mask, and thereafter the admission into evidence of the mask which was found near the scene of the crime; and (3) the evidence did not sufficiently identify the defendant as the person who committed the robbery. At oral argument before this Court, counsel contended also that the defense conducted by assigned counsel for Bustos was inadequate.

We find no error in the action of the trial court in permitting the amendment of the information which was made prior to trial, before the jury was impanelled,

and before evidence was presented. Colo. R. Crim. P. 7 (e) states:

"The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The record indicates that a week preceding the trial the district attorney notified the defendant's attorney that he was going to seek leave to amend the information in the manner in which he did. At the time of notification and at the trial, defendant's attorney stated that he had no objection to the amendment. In addition, defendant's attorney stated that the amendment made no difference in the preparation of his case, and it is apparent from the record that this was necessarily true. The amendment merely changed the name of the victim of the robbery. The defense was alibi. It was immaterial in the trial of this case whether the bartender who was robbed was named Lopez or Jimenez.

A witness for the prosecution, Jacob Trujillo, testified that Exhibit A was the mask or just like the one he tore from the defendant's face. Such testimony is sufficient to allow admission of Exhibit A provided that the mask was sufficiently connected with the crime. *Vigil v. People,* 150 Colo. 582, 375 P.2d 103; *Gurule v. People,* 150 Colo. 240, 372 P.2d 88; *Miller v. People,* 141 Colo. 576, 349 P.2d 685; *People v. Allen,* 17 Ill.2d 55, 160 N.E.2d 818.

Another witness for the People testified that he saw defendant leave the tavern and proceed in a northerly direction. Another witness testified that on the morning after the robbery, he found the mask in a driveway of the second or third house directly north of the tavern and on the same side of the street. The mask, therefore, was sufficiently connected with the crime and with the defendant to be properly admissible in evidence.

Defendant maintains that there are inconsistencies in the identification of the defendant by the three witnesses, and, therefore, he was not sufficiently identified as the person who committed the robbery.

 We have held on many occasions that it is not the duty of this Court to superimpose its judgment or conclusions for those of the jury when determining the veracity of the identifying witnesses. *Miller v. People, supra; Duran v. People,* 147 Colo. 491, 364 P.2d 206. It is not essential that a witness be free from doubt as to the correctness of his opinion nor that he be able to identify the accused positively. *Bingham v. People,* 157 Colo. 92, 401 P.2d 255; *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427.

The prosecution here presented three witnesses who positively identified Bustos. Jacob Trujillo identified the defendant as the man from whose face he tore the mask. Mrs. Trujillo testified that the defendant was the man with whom her husband was fighting, and that she saw the defendant without his mask. Angelo Pereyra testified that he was across the street from the tavern and saw the defendant's face as he fled from the tavern to the car. In addition, the three witnesses had positively identified the defendant at the police line-up.

██ We have carefully examined the record for any evidence of incompetence of assigned counsel. It is true that he made few objections, but we are convinced that he raised every objection which was available to him. He kept out of the evidence certain items offered by the District Attorney. Upon cross-examination of the People's witnesses, he skillfully attacked their powers of perception with respect to their ability to identify the defendant and he also attacked the diligence of the police officers in checking out other suspects. He subpoenaed the estranged wife of the defendant who, along with her sister, provided the alibi testimony for the defendant. That the jury refused to believe the alibi testimony in the face of the identification furnished

by the three witnesses is not startling and certainly is no evidence of incompetency of trial counsel. We are of the opinion that assigned counsel did an able and craftsmanlike job with the material with which he had to work.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.