No. 21869.

VINCENT BEBBER, ET AL. *v.* THE PEOPLE OF THE STATE OF COLORADO.
(414 P.2d 131)

Decided May 9, 1966. Rehearing denied May 31, 1966.

VINCENT CRISTIANO, for plaintiff in error Vincent Bebber.

THOMAS J. MITCHELL, for plaintiff in error Harry Lee Halford.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

VINCENT BEBBER and Harry Lee Halford, hereinafter called defendants or by name, were charged and convicted of the crimes of larceny and conspiracy to commit larceny.

The record discloses that the larceny in question occurred at a television store on February 13, 1964. Mrs. Lewis, the wife of the store owner, testified that on that date she saw a man come into the store. She stated that

the man walked over to the radio shelf, reached up with both hands, and when he lowered his hands, two transistor radios were missing. He then moved immediately toward a portable television set placed near the door, and after he had passed it, the television set was gone.

As soon as the man reached the door, he began to run. Mrs. Lewis chased him as he ran down the street. She then saw him enter a car which immediately drove off. She returned to the store, and called the police. Later that day, she and several others who were in the store at the time of the larceny identified Halford as the man who took the radios and television set from some pictures presented to them by Detective Wykstra of the Denver Police Department. Mrs. Lewis also identified Bebber as the man who was driving the car.

The police thereupon arrested Bebber and Halford, and they were again identified by Mrs. Lewis and others in a lineup. The radios and television set were never found. There was no overcoat in Halford's possession resembling the overcoat which Mrs. Lewis had described as being worn by the thief at the time of the larceny.

The defendants contended that Halford was so physically infirm that it would be impossible for him to run down the street for the distance described by Mrs. Lewis with a television set of the kind that had been stolen. As demonstrative evidence in support of this position, defendants attempted to introduce into evidence a television set apparently somewhat similar in size and weight to the one stolen, but of a different year. The court refused to permit the television set to be introduced into evidence. It is this refusal, together with the contention that the evidence was insufficient to sustain the judgment, upon which defendants now ground their argument for reversal.

 We cannot agree with the contention that the exclusion from evidence of the television set which counsel had sought to introduce for the purpose of giving a visual impression to the jury of evidence already

in the record constituted such prejudicial error as to require a reversal. It is a fundamental rule of law that the admission into evidence of models or articles of similar design for purposes of demonstration is solely within the discretion of the trial court. 2 Wharton, *Criminal Evidence*, (12th ed.) § 684; 2 Belli, *Modern Trials*, § 157; 2 Jones, *Evidence*, (5th ed.) § 442. In the absence of a gross abuse of discretion, we will not disturb the ruling of the trial judge. The trial judge here felt that the evidence was merely cumulative. The jury had been given the approximate dimensions and weight of the set stolen; and in the trial court's judgment, the admission of a set of a later model than the one stolen would not materially aid them in considering the soundness of Halford's contention that, in his physical condition, he could not have run with a television set such as the one that had been stolen. We cannot agree that under these circumstances the trial court's action constituted a gross abuse of discretion.

██ The contention of defendants that the evidence was insufficient to sustain a conviction is also without merit. Several witnesses identified Halford as the man in the store, and Mrs. Lewis identified Bebber as the man driving the car in which the thief made his escape. It is true that counsel, by his cross-examination, cast some doubt upon the identifications made by the witnesses. However, the validity of identification testimony is a matter for the jury to determine when the issue is the certainty or credibility of the testimony. *Bustos v. People,* 158 Colo. 451, 408 P.2d 64; *Bingham v. People,* 157 Colo. 92, 401 P.2d 255; *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427. We will not substitute our judgment for that of the jury when determining the probative value of the identification testimony. *Ruark v. People,* 157 Colo. 320, 402 P.2d 637; *Miller v. People,* 141 Colo. 576, 349 P.2d 685.

██ Halford's contention that Mrs. Lewis' testimony that she actually did not see Halford take the radios,

or the television set, dictates reversal does not impress us. The radios were on the shelf when Halford raised his hands, they were gone when he lowered them; the television set, which was in plain view before Halford reached it, disappeared in the intervening seconds during which Mrs. Lewis' view of the set was obstructed by Halford. Thereafter, Halford began to run down the street with Mrs. Lewis in close pursuit. We think the jury was justified in drawing the inference that the radios and television set did not disintegrate, but rather came into the possession of Halford as he executed his maneuvers in passing before them.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE SCHAUER concur.