No. 22838.

PHILLIP LUNA, ALSO KNOWN AS PHIL LUNA *v.* THE PEOPLE
OF THE STATE OF COLORADO.
(461 P.2d 724)

Decided September 15, 1969.     Rehearing denied December 29, 1969.

1

ALFRED Z. CRADDOCK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THE plaintiff in error, Phillip Luna, was charged with statutory rape. C.R.S. 1963, 40-2-25. The jury returned a verdict of guilty.

The defendant is here on a writ of error. He assigns as error (1) the trial court's refusal to give his tendered Instruction No. 2, and (2) the trial court's denial of his motion for judgment of acquittal.

## I.

The testimony of the victim concerning events leading up to and following the alleged rape was corroborated by the state's only other witness, Glen Howard Fay, age seventeen. In addition, Fay testified that the defendant admitted to him that he had had intercourse with the girl. On cross-examination Fay admitted that he, too, had had sexual intercourse with the prosecutrix, at another time and place, on the same day; and that he also had been charged with rape. The cross-examination of Fay in reference to the charge against him continued as follows:

"Q Has that matter come to trial?

"A No, sir.

"Q Have any promises been made to you concerning any leniency if you were to testify today?

"A No, sir. I have hoped that by testifying that they might consider it and be a little more lenient, yes."

The foregoing testimony precipitated the tender of defendant's Instruction No. 2. It read:

"The Court instructs the jury that if you believe from the evidence that the witness Glen Howard Fay testified from a motive of the expectation of leniency, then it is your duty to consider such testimony with grave care and caution before acting upon it."

The court refused this instruction, stating, "the Court

is of the opinion that this instruction is covered by the stock credibility instruction."

■ The defendant did not see fit to designate as part of the record here any of the "given" instructions. The attorney general, by leave of court, supplemented the record to the extent of Instruction No. 13 — the instruction on *credibility of witnesses*. In the absence of all of the instructions, we may assume that the court properly instructed the jury on the law applicable to the facts and the issues. *Eddy v. McAninch,* 141 Colo. 223, 347 P.2d 499; *Payne v. Cumming,* 136 Colo. 244, 315 P.2d 818.

However, because of the seriousness of the charge with which the defendant stands convicted and the fact that the issue raised can be disposed of on the record before us, we will proceed to resolve the issue.

The requested instruction, in effect, would have advised the jury to weigh the testimony of Fay "with grave care and caution" because he "testified from a motive of the expectation of leniency," due to his involvement with the same girl on an identical charge.

The defendant relies primarily on *Slocum v. People,* 120 Colo. 86, 207 P.2d 970. It should be pointed out that whereas the tendered instruction cautioned the jury in weighing the testimony of one who anticipates leniency by the court in sentencing him on a separate but distinct like offense, the *Slocum* case dealt with a cautionary instruction concerning the testimony of alleged accomplices and accessories.

In *Slocum,* a statutory rape case, the defendant requested a cautionary instruction concerning the testimony of the mother and father of the victim. They had testified that they had given consent to their daughter to marry the defendant. The marriage did not take place but, instead, on two occasions immediately following the consent, the defendant seduced the victim. The parents confronted the defendant about the matter and told him there was an easy way out of his predicament and that

was to marry the girl or face prosecution. He refused and the prosecution followed.

■ The court, in disposing of the issue, said, "* * * We do not consider this testimony sufficient to require the giving of an instruction relative to the testimony of these witnesses to be considered in the light of accessories to the alleged crime. No instruction should be given by the court either on its own motion, or at the request of counsel, which tenders an issue that is not presented by the pleadings or supported by the evidence, or which deviates therefrom in any material respect. * * * "

The defendant argues here that Fay was an *accomplice*. Consequently, the record has been examined with this allegation in mind. We find that, although the victim was Fay's "girl friend" and that Fay took her to the defendant's home and conveniently absented himself from the family room — leaving her alone with the defendant for about twenty to thirty minutes on two occasions (the second of which was the critical one) — yet, there is no evidence of any prearrangement for opportunity; nor do we find that Fay aided, abetted, encouraged, or assisted in the commission of the crime.

■ *Slocum* also held that "the giving or refusal of cautionary instructions rests largely in the sound discretion of the trial court." We agree. In the absence of a showing of an abuse of discretion and resulting prejudice to the defendant, the trial court's ruling will not be disturbed.

■ As noted above, the court was of the opinion that the import of the tendered instruction was "covered by the stock credibility instruction." In the stock instruction on credibility there appears this language of caution to the jury which is peculiarly applicable to Fay's testimony that he "hoped" for leniency:
"* * * In determining the weight to be given to the testimony of the witnesses, you should take into consideration * * * the motives actuating them, so far as such

motives appear from the evidence in the case; the fact, if it be a fact, that they have been contradicted by other evidence in the case, their bias, prejudice or interest, if any has been shown, * * * and all other facts and circumstances shown by the evidence, which in your judgment affect the credit due to them respectively. * * * "

The only two witnesses for the prosecution were the victim and Fay. The defendant testified, admitting the time, place and the presence of the victim and Fay, as well as the intervals when he was alone with the victim. He, of course, denied the act of intercourse.

Under all of the circumstances, there was no abuse of discretion in the court's refusal to give the tendered instruction.

## II.

The defendant, at the close of the People's evidence and after both parties had rested, moved for a judgment of acquittal on the ground that there was not sufficient evidence to allow the jury to find him guilty beyond a reasonable doubt.

The defendant grounded his claim as to the insufficiency of the evidence on certain discrepancies relative to minor details. He asserted that these discrepancies, as a matter of law, made the testimony of the People's witnesses "unworthy of belief" and consequently no evidence remained upon which the issue of guilt could be submitted to the jury. The defendant's argument, in effect, is nothing more nor less than an attack on the credibility of the witnesses. We have consistently held that the issue of credibility is a matter exclusively for determination by the jury. *Bebber v. People,* 160 Colo. 60, 414 P.2d 131; *Bustos v. People,* 158 Colo. 451, 408 P.2d 64; *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149; *Bingham v. People,* 157 Colo. 92, 401 P.2d 255; *Mc-Clenny v. People,* 155 Colo. 202, 393 P.2d 736; *Bennett v. People,* 155 Colo. 101, 392 P.2d 657; *Miller v. People,* 141 Colo. 576, 349 P.2d 685.

An examination of the record discloses sufficient

evidence to sustain the verdict of the jury. The trial court ruled properly on defendant's motion for acquittal.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE LEE concur.